I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL. POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 12.7.11

DEPUTY CLERK

*Blank C.D. habeas petition packet also sent.

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
DEC - 7 2011
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ANTHONY BUNCHE,

Petitioner,

vs.

DEPT. OF CORRECTIONS,

Respondent.

Case No. CV 11-10058-GHK (RNB)

ORDER DISMISSING PETITION WITH LEAVE TO AMEND

On November 7, 2011, petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in the United States District Court for the Eastern District of California. Since the Petition purported to be directed to a conviction sustained in Los Angeles County Superior Court, the action was transferred to the Central District of California and filed here on December 5, 2011.

The Court's review of the Petition reveals that it suffers from the following deficiencies:

1. The Petition improperly names the California Department of Corrections as the respondent. The only appropriate respondent is petitioner's immediate custodian (i.e., the prison warden at Soledad State Prison). See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2717-18 (2004); see also 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing

Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto. The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

2. The Petition has not been submitted on either the current version of the national form appended to the Habeas Rules, or the form currently approved and supplied for habeas petitions by the Central District of California. See Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts (authorizing the District Court by Local Rule to require that habeas petitions be filed in a form prescribed by the Local Rule); see also Central District Local Rule 83-16.1.

3. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, since petitioner did not utilize the proper habeas form, it is unclear from the face of the Petition whether petitioner exhausted his state court remedies with respect to each of the four grounds for relief that he purports to be alleging herein. However, according to the California Appellate Courts website, petitioner's only California Supreme Court filing relating to his December 4, 2009 judgment of conviction was his Petition for Review of the Court of Appeal's March 29, 2011 decision on direct appeal. Moreover, it appears from the copy of that Court of Appeal decision found on Westlaw that the only claim that petitioner raised on direct appeal was a sentencing error claim based on the trial court's alleged abuse of discretion in denying petitioner's Romero motion. Thus, it does not appear to the Court that petitioner has exhausted his state remedies with respect to any of the four grounds for relief that he purports to be alleging herein.

For the foregoing reasons, the Petition is dismissed with leave to amend. If petitioner still desires to pursue this action, he is ORDERED to file an amended petition rectifying the deficiencies discussed above within thirty (30) days of the date of this Order. The clerk is directed to send petitioner a blank Central District habeas

petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. In ¶ 7 of the First Amended Petition, petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each such claim. (If petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in ¶ 7 of the habeas petition form and not include any additional claims.) If petitioner contends that he exhausted his state remedies in a Petition for Review to the California Supreme Court, he should list such filing in ¶ 4 of the habeas petition form and provide all of the other called for information. If petitioner contends that he exhausted his state remedies in a habeas petition to the California Supreme Court, he should list such filing in ¶ 6 of the habeas petition form and provide all of the other called for information. For each filing listed in ¶¶ 4 and 6, petitioner should be sure to specify all of the grounds raised by him in such filing, along with the case number, the date of decision, and the result.

Finally, petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that the action be dismissed without prejudice for failure to prosecute.

DATED: December 7, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE